

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-087-CR

CHRISTOPHER GREER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Christopher Greer appeals his conviction for felony possession of a controlled substance by fraud.[2] He contends in four issues that the trial court erred by admitting evidence of an extraneous offense for purposes of identity, that the trial

------

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. § 481.129(a)(5), (d) (Vernon 2010).

court erred by admitting testimony concerning his character, and that the evidence is legally and factually insufficient to support his conviction. We affirm.

## II. Factual and Procedural Background

On October 27, 2007, Appellant presented a prescription for 120 pills of Lortab, a brand name for hydrocodone or dihydrocodeinone, at a Denton County Walgreen's. Josh Taylor, the pharmacist on duty, saw Appellant present the prescription and noticed a tattoo behind his right ear. Taylor identified Appellant as the person who presented the prescription both in a photo line-up and at trial. Suspicious of the prescription because he knew that the named doctor had been the victim of false prescriptions and because he knew that the zip code was incorrect, Taylor informed Appellant that the prescription would have to be verified. Appellant said that he would return later for the filled prescription, but he did not do so. Taylor contacted the police after confirming that the prescription was fraudulent.

Appellant was indicted in March 2008 for knowingly possessing or attempting to possess or obtain a controlled substance through the use of a fraudulent prescription, and Appellant pleaded not guilty. A jury found Appellant guilty and assessed punishment at ten years' confinement, and the trial court sentenced him accordingly.

## III. Legal Sufficiency of the Evidence

In his third issue, Appellant contends that the evidence is legally insufficient to support his conviction because "there is a lack of guilty knowledge or intent."

2

Appellant does not challenge the legal sufficiency of any other element of the charged offense.

## A. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## B. Applicable Law

Section 481.129 of the health and safety code provides in pertinent part, "(a) A person commits an offense if the person knowingly: . . . (5) possesses, obtains, or attempts to possess or obtain a controlled substance or an increased quantity of a controlled substance: (A) by misrepresentation, fraud, forgery, deception, or subterfuge; [or] (B) through use of a fraudulent prescription form." Tex. Health & Safety Code Ann. § 481.129(a)(5)(A), (B). Section 6.03(b) of the penal code states,

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

3

Tex. Penal Code Ann. § 6.03(b) (Vernon 2003). Knowledge may be inferred from a person's acts, words, and conduct. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Martinez v. State*, 833 S.W.2d 188, 196 (Tex. App.—Dallas 1992, pet. ref'd).

## C. The Evidence is Legally Sufficient

Here, the State presented evidence that Appellant presented a fraudulent prescription for 120 pills of Lortab at a Walgreen's in Denton County on October 27, 2007. The pharmacist was suspicious of the prescription and told Appellant that the prescription would have to be verified, and Appellant left the pharmacy after saying that he would return later to pick up the filled prescription. But Appellant never returned to pick up the prescription. Moreover, the jury also heard evidence that the fraudulent prescription was for a person named Jason Martin, that it was for six times a normal prescription amount, and that it was created to look like a prescription form from the doctor who purportedly wrote it. The jury could infer from Appellant's failure to return to pick up the filled prescription and the efforts taken to create the fraudulent prescription that Appellant had knowingly presented a fraudulent prescription. *See Hart*, 89 S.W.3d at 64; *Martinez*, 833 S.W.2d at 196. Thus, we hold that the evidence is legally sufficient to prove that Appellant acted knowingly. *See* Tex. Health & Safety Code Ann. § 481.129(a)(5); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's third issue.

4

## IV. Factual Sufficiency of the Evidence

In his fourth issue, Appellant argues that the evidence is factually insufficient to support his conviction because there was "a question about whether [he] was involved or that he was correctly identified." Appellant does not challenge the factual sufficiency of any other element of the charged offense.

## A. Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

## B. The Evidence is Factually Sufficient

Reviewing all the evidence in a neutral light, we recall that the Walgreen's pharmacy technician, Paul Kim, could not identify Appellant and that there is no videotape evidence placing Appellant at the Walgreen's. However, the jury also heard testimony that the pharmacist saw Appellant inside the Walgreen's from a distance of approximately eight feet, identified Appellant by the tattoo behind his right ear, identified Appellant in a photo line-up, and identified Appellant at trial. Also relevant to Appellant's identity, the jury heard evidence that Appellant committed a very similar act just six weeks earlier on September 12, 2007.

Viewing the evidence in a neutral light, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant presented the fraudulent prescription to Walgreen's. We cannot say that the evidence is so weak that the jury's determination is clearly wrong or manifestly unjust or that the conflicting evidence so greatly outweighs the evidence supporting the convictions that the jury's determination is manifestly unjust. *See Lancon v. State,* 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417. We therefore hold that the evidence is factually sufficient to support the jury's verdict, and we overrule Appellant's fourth issue.

## V. Evidence of Extraneous Offense

Appellant argues in his first issue that the trial court erred by admitting evidence of an extraneous offense in the guilt-innocence phase for purposes of

6

identity because the State did not show that identity was at issue in the case, the State did not timely disclose its intent to introduce evidence of the extraneous offense, and the extraneous offense was not sufficiently similar to the instant offense.

## A.  Identity at Issue

Appellant first argues that the evidence of the extraneous offense should not have been admitted because "the State failed to show why identity was an issue." Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  Tex. R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g). This rule reflects the well-established principle that a defendant should not be tried for some collateral crime or for being a criminal generally.  *Soffar v. State*, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987).  Evidence of prior criminal conduct may, however, be admissible if it is logically relevant to prove some other fact, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Tex. R. Evid. 404(b); *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004).  An extraneous offense may be admissible to prove identity only if the identity of the perpetrator is at issue in the case.  *Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006).  Identity can be raised by cross-examination, such as when the identifying witness is impeached on a material detail of the identification.  *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004).

7

Here, when objecting to the admission of the extraneous offense evidence, Appellant's counsel argued to the trial court that the offenses were not sufficiently similar and stated, "I think it's pretty clear that—that, yes, identity is going to be an issue here because I think the evidence in this case is going to show you got a guy who spent more time with [Appellant] than Dr. Taylor did who is going to say [he] couldn't pick [Appellant] out of a photo line-up." Further, Appellant cross-examined the pharmacist by confirming that there was no video surveillance of Appellant's attempt to fill the fraudulent prescription and that the pharmacy technician, Mr. Kim, actually had more "face time" with Appellant during the transaction than the pharmacist. Thus, identity was an issue at Appellant's trial, and the trial court did not abuse its discretion by admitting the extraneous offense evidence on this basis. *See Karnes v. State*, 127 S.W.3d 184, 189–90 (Tex. App.—Fort Worth 2003, pet. ref'd) ("Cross-examination of the State's identifying witnesses can raise the issue of identity when the witness is impeached about . . . the conditions surrounding the offense charged and the witness's identification of the defendant in that situation."). We overrule this portion of Appellant's first issue.

## B. Timeliness of Notice

Appellant next argues that the State did not give timely notice of its intent to introduce evidence of extraneous offense. Article 38.37 of the code of criminal procedure provides that a defendant who timely requests notice of the State's intent to introduce extraneous offenses during the State's case-in-chief is entitled to notice

"in the same manner as the state is required to give notice under Rule 404(b)." Tex. Code Crim. Proc. Ann. art. 38.37, § 3 (Vernon Supp. 2009). Rule 404(b) requires that the notice of the State's intent be "reasonable notice . . . in advance of trial." Tex. R. Evid. 404(b). "The purpose behind the notice provision is to adequately make known to the defendant the extraneous offenses the State intends to introduce at trial and to prevent surprise to the defendant." *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.); *see Self v. State*, 860 S.W.2d 261, 264 (Tex. App.—Fort Worth 1993, pet. ref'd).

The record reflects that Appellant objected to the reasonableness of the State's notice of extraneous offenses during trial, but he did not request that the trial court grant him a continuance. Having failed to request a continuance, Appellant has not preserved his complaint concerning the timeliness of the State's notice. *See Martin*, 176 S.W.2d 900; *Koffel v. State*, 710 S.W.2d 796, 802 (Tex. App.—Fort Worth 1986, pet. ref'd) (citing *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982)). Even if Appellant had preserved his complaint, we note that Appellant's case had not been set for trial prior to a March 12, 2009 plea hearing, that Appellant decided not to plead guilty the morning of the plea hearing, that the State faxed the 404(b) notice to Appellant's counsel the evening of March 13, 2009, that Appellant's counsel acknowledged receiving the State's notice on March 14, 2009, and that Appellant's trial began on March 23, 2009. *See Martin*, 176 S.W.3d at 900 ("Generally, what constitutes reasonable notice under Rule 404(b) depends on the

9

facts and circumstances of the case."). We cannot say that the trial court abused its discretion when it overruled Appellant's objection to the reasonableness of the State's notice because the trial court could have determined that the State's notice was adequate and reasonable under the circumstances of this case. *See id.* We overrule this portion of Appellant's first issue.

## C. Sufficient Similarity between Extraneous Offense and Instant Offense

Appellant next argues that the instant offense and the extraneous offense are not sufficiently similar to make the extraneous offense admissible to prove identity. When the State uses an extraneous offense to prove identity by comparing common characteristics of the crime, the extraneous offense must be so similar to the charged offense that it illustrates the defendant's "distinctive and idiosyncratic manner of committing criminal acts." *Page*, 213 S.W.3d at 336; *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996); *see Segundo v. State*, 270 S.W.3d 79, 88–90 (Tex. Crim. App. 2008). The evidence must demonstrate a much higher degree of similarity to the charged offense than extraneous acts offered for other purposes, such as intent. *Bishop v. State*, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993).

In reviewing the decision to admit extraneous offense information, appellate courts should take into account the specific characteristics of the offenses and the time interval between them. *Thomas v. State*, 126 S.W.3d 138, 144 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Sufficient similarity may be shown by proximity in time and place or by a common mode of committing the offense. *Id.*;

10

*see also Lane*, 933 S.W.2d at 519. The extraneous offense and the charged offense can be different types of offenses so long as the similarities between the two offenses are such that the evidence is relevant. *Thomas*, 126 S.W.3d at 144. We will not disturb a trial court's evidentiary ruling absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). As long as the trial court's ruling is within the zone of reasonable disagreement and is correct under any theory of law, it must be upheld. *Id.*

Here, the State introduced evidence that Appellant had presented a fraudulent prescription to the Big State Drug Store on September 12, 2007, about six weeks before the instant offense. The September 12, 2007 prescription was for 120 pills of Lorcet, a brand name for dihydrocodeinone. The pharmacy technician asked Appellant for his driver's license, and Appellant told her that he did not have it with him but said his wife had her driver's license. Appellant left the pharmacy and returned with a woman the technician believed to be Appellant's wife, and Appellant paid for the prescription and left the pharmacy. In the instant offense, Appellant presented a prescription for 120 pills of Lortab, a brand name for dihydrocodeinone. After the pharmacist informed Appellant that the prescription would have to be verified before it could be filled, Appellant stated that he would return to pick up the filled prescription but never did.

Appellant argues that the extraneous offense is not sufficiently similar to the instant offense because Appellant involved another person in the extraneous offense but acted alone in the instant offense. We disagree. The two offenses were

11

committed within six weeks, and in each instance, Appellant presented a fraudulent prescription for 120 pills of dihydrocodeinone (an amount far in excess of normal prescription amounts), the prescription slip had been created using an incorrect typeface and physician signature (as opposed to theft of an actual physician's prescription pad), neither named physician had a patient by the name of the person listed on the prescription to receive the dihydrocodeinone, and an employee from each pharmacy noticed Appellant's distinctive tattoo and identified him from a photo line-up. To the extent that there are differences between the two offenses, the offenses are sufficiently similar to be admissible under rule 404(b) for purposes of proving Appellant's identity. *See Burton v. State*, 230 S.W.3d 846, 850–51 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that the differences between the various offenses did "not necessarily outweigh the similarities and thus destroy the probative value of the extraneous offenses in proving identity"). We therefore overrule the remainder of Appellant's first issue.

## VI. Evidence of Appellant's Character

Appellant contends in his second issue that the trial court erred by permitting Officer Corr to testify about his character and the quantity and potential value of the controlled substance during the punishment phase of his trial. The State responds that evidence of character is admissible under article 37.07, section 3(a)(1) of the code of criminal procedure and that Appellant did not object to Officer Corr's testimony about the potential value of the controlled substance. We agree with the State.

12

Section 3(a)(1) of the code of criminal procedure provides in part that, after a finding of guilty, "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . an opinion regarding his character." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). Here, Officer Corr was asked whether she was familiar with Appellant from her work with the Diversion Unit of the Narcotics Section of the Dallas Police Department and whether she had formed an opinion as to Appellant's character for being peaceful and law-abiding. The trial court overruled Appellant's objection to impermissible character evidence, and Officer Corr testified that her opinion was that Appellant's character as peaceful and law-abiding was "very bad." An opinion concerning Appellant's character was, under the express language of article 37.07, section 3(a)(1), admissible during the punishment phase of his trial, and Appellant does not argue that Officer Corr's testimony was not admissible under article 37.07. *See id.*[3] We hold that the trial court did not abuse its discretion by permitting Officer Corr to testify concerning her opinion of Appellant's character during the punishment phase of Appellant's trial. We overrule this portion of Appellant's second issue.

---

[3] Appellant does cite *Malgar v. State*, 236 S.W.3d 302, 306–07 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd) to support his argument that the character opinion testimony was inadmissible. However, the complaint there related to character witnesses Malgar called to testify during the guilt-innocence phase of his trial and has no application to Appellant's case. *Id.*

Appellant also argues that Officer Corr should not have been permitted to testify over his speculation objection about the potential street value of the controlled substance because there "was no foundation to show that Officer Corr was testifying as an expert witness" and there "was no evidence to show her qualification[s], the de[g]ree of her conclusiveness[,] and how it was relevant to the punishment phase." However, Appellant's complaint on appeal does not comport with the objection he made at trial. Therefore, Appellant did not preserve this complaint for appellate review. *See Goodson v. State*, 840 S.W.2d 469, 473 (Tex. App.—Tyler 1991, pet. ref'd) (holding speculation objection at trial did not preserve appellate complaint concerning improper admission of expert testimony); *see also Taylor v. State*, 106 S.W.3d 827, 832 (Tex. App.—Dallas 2003, no pet.) (holding the appellant failed to preserve argument concerning admission of police officer's testimony as expert because he did not object to the testimony at trial). We overrule the remainder of Appellant's second issue.

## VII. Conclusion

Having overruled each of Appellant's four issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 15, 2010